## Commonwealth v. Morand

*Spencer G. Hall* and *James S. Bowman,* for plaintiff.

*Harold Tull* of *Douglass, Handler & Rosenberg,* for defendant.

SOHN, J., March 7, 1955.—We have before us a motion on behalf of the City of Harrisburg to quash and strike off an appeal taken by defendant from a judgment entered against him by Alderman John L. Madden, Jr.

A photostat of the transcript filed by the alderman, attached to the petition allowing an appeal, shows that this case is entitled "The City of Harrisburg vs. Martin Julian Morand 2138 N. 5th Street Harrisburg, Pa." The transcript further shows that on October 21, 1954, a police officer of the City of Harrisburg made informa-

tion before Alderman John L. Madden, Jr., sitting at the request of the mayor, against defendant for the violation of a certain city ordinance approved by Common Council, January 30, 1899, and by Select Council, March 27, 1899, a copy of which ordinance was attached to the city's brief.

On October 22, 1954, a hearing was duly had before the alderman and after hearing the testimony defendant was found guilty of the offense charged in the information and was ordered to pay a fine and costs.

On October 27, 1954, defendant presented to us a petition for leave to appeal from the judgment of the alderman, which appeal was allowed, and was lodged in the court of quarter sessions to the above session and number.

The City of Harrisburg has duly moved to quash and strike off the appeal for the following reasons:

1. This proceeding is a suit for a penalty and not a summary conviction, and the appeal can only be taken to the court of common pleas.

2. The appeal has been taken to the court of quarter sessions instead of the court of common pleas.

3. The court of quarter sessions has no jurisdiction of this appeal.

After a careful study of the record and the briefs submitted, as well as the petition for allowance of appeal, we have come to the conclusion that there is only one question for us to consider and that is: "Does the court of quarter sessions have jurisdiction of this appeal?"

The transcript shows that the proceeding was begun by information and warrant issued in the name of the City of Harrisburg against defendant, charging him as follows:

"That on the 21st day of October, 1954, at Second & Market Streets within the limits of the City of Harrisburg, commit a violation of city ordinance in and

about the highways, or other public places of the said city, one, Martin Julian Morand, did, on the 21st day of October, 1954, at Second & Market Streets, in said city, aid and abet in a manner the casting, throwing, or depositing of hand bills, dodgers, posters, circulars, and/or cards on the public streets of the City of Harrisburg, in violation of the provisions of City Ordinance prohibiting the same, approved by Common Council January 30, 1899, approved by Select Council March 27, 1899." (This is quoted word for word from the transcript.)

The ordinance referred to in the information is headed:

"Prohibiting the casting, throwing or in any manner depositing of bills, dodgers, posters, circulars, cards, waste paper, the sweepings from stores and the offal from fruit stands upon the highways of the city, and prescribing a penalty for the violation of the same."
It goes on to provide as follows:

"Section 1. Be it ordained by the Select and Common Councils of the City of Harrisburg, and it is hereby ordained by authority of the same, that the casting, throwing or in any manner depositing of bills, dodgers, posters, circulars, cards, waste paper, the sweepings from stores and the offal from fruit stands upon the highways of the City are hereby prohibited.

"Section 2. Any person, persons, firm or corporation violating or causing to be violated any of the provisions of this ordinance shall, on conviction thereof before the Mayor or any alderman of the city be fined in the sum of not less than five dollars nor more than twenty-five dollars and the costs of prosecution for each violation; and in default of the payment of said fine and costs, shall be imprisoned in the jail of Dauphin County for a period not exceeding twenty-five (25) days."

The weight of authority is to the effect that a proceeding to recover a fine for the violation of a municipal ordinance is not a summary proceeding but is civil in nature, and therefore is to be governed and decided by the rules applicable to civil suits.

We have a very well-considered opinion on this subject by our former President Judge Hargest in the Borough of Steelton v. Rashinsky, 33 Dauph. 227 (1930). In that case a proceeding was brought in the name of the borough and begun by information and warrant for the recovery of a fine for the violation of a borough ordinance. Judge Hargest held that the proceeding was civil in nature and reviewed the law distinguishing suits for penalties from summary convictions and pointed out why confusion sometimes exists between the two proceedings. On page 230, he said:

"The distinctions between the suits for penalties and summary convictions have been well defined and ought to be well known, but confusion between these two proceedings has arisen because both courts and legislatures, at times, have not adhered to those well defined distinctions. Summary convictions are in their nature criminal prosecutions, generally for the violation of a statute, imposing both a fine and imprisonment, and should be in the name of the Commonwealth. On the other hand, a proceeding for the violation of a municipal ordinance has almost uniformly been held to be a civil proceeding and should be brought in the name of the borough. These distinctions and the reasons for them are learnedly discussed in the cases of Commonwealth vs. Betts, supra; Milton Borough vs. Hoagland, supra; City vs. Duncan, supra, and many others.

"The reason for the confusion no doubt is that suits for penalties are in some respects penal in their character and in some cases, early as well as late, they were treated as summary convictions where the point was not made . . .

"A practice arose very early, perhaps out of the old right to arrest for a debt, of commencing such proceedings by capias or warrant. . . .

"This may account for the present legislative provisions permitting suits for the violation of municipal ordinances to be commenced by warrant. . . .

"It therefore follows that this proceeding, brought in the name of the Borough of Steelton, for the recovery of penalties due the borough, although begun by warrant, is nevertheless a civil proceeding and, being so, the defendant had a right to the writ of certiorari without allowance."

See also Commonwealth ex rel. v. Kinsey, 59 D. & C. 576 (1947); Sadler on Criminal Procedure, vol. 2, §802; 12 Standard Pa. Practice, 392, §11.

We have very definite statutory provisions with relation to appeals in cases of summary convictions and with respect to appeals in a suit for a penalty. The Act of April 17, 1876, P. L. 29, sec. 1, as amended, 19 PS §1189, provides as follows:

"§1189. Appeals in cases of summary convictions; bail for costs

"In all cases of summary conviction in this Commonwealth, before a magistrate or court not of record, either party, even though any fine imposed has already been paid, may, within ten days after such conviction, appeal to the court of quarter sessions of the county in which such magistrate shall reside or court not of record shall be held, upon allowance of the said court of quarter sessions, or any judge thereof, upon cause shown; and either party may also appeal from the judgment of a magistrate or a court not of record, in a suit for a penalty, to the court of common pleas of the county in which said judgment shall be rendered, upon allowance of said court, or any judge thereof, upon cause shown: Provided, That pending the taking

of an appeal by either party, or the allowance or refusal thereof by the court or judge, the fine, or penalty, and costs imposed by the magistrate, or court not of record, need not be paid if bail is entered with one or more sufficient sureties in double the amount of such fine, or penalty, and costs for the payment thereof, on the refusal of such appeal; or if allowed, on the final disposal of such appeal. If the defendant pays the fine or penalty and costs imposed and wishes to take an appeal under the provisions of this section he shall give bail in double the probable amount of costs that may accrue in the final disposition of the appeal."

We have a further provision in the Third Class City Law with respect to the enforcement of city ordinances and the recovery and payment of fines and penalties. The Act of June 23, 1931, P. L. 932, as amended, sec. 1018 (renumbered section 1017 by the 1951 amendment), 53 PS §12198-1018, provides, inter alia:

"Section 1017. Enforcement of Ordinances; Recovery and Payment Over of Fines and Penalties.—All actions, prosecutions, complaints, and proceedings for the violation of the ordinances of the city, and for fines, penalties, and forfeitures imposed thereby, shall be instituted in the corporate name of the city, and be conducted in the manner prescribed by law. . . .

"All fines and penalties for the violation of the city ordinances received by any magistrate or alderman, and all fees, costs, fines, and penalties received by any alderman in cases heard before him while presiding in the mayor's police court, shall be paid over by the magistrate or alderman before whom the same are recovered into the city treasury."

This section also provides for the issuing of warrants upon complaint or the issuance of a summons.

It follows, therefore, by statute that proceedings for the violation of ordinances of cities of the third class

must be brought in the name of the city and not the Commonwealth, and the fines, penalties and costs must be paid to the city treasurer and not to the State or county.

Since the opinion by our former President Judge Hargest, we have also had the opinion of our former President Judge J. Paul Rupp in the case of City of Harrisburg v. Schaflander et al., 60 Dauph. 100. There the ordinance of the city was very similar to the one presently under consideration insofar as its penal provisions are concerned, and the procedure followed in both cases was identical. In that case, Judge Rupp reviewed the authorities and held that the appeal should have been taken to the court of common pleas and therefore quashed the appeal.

We have very carefully considered the able brief of appellant in this case and have noted the various arguments made therein. However, we cannot herein pass upon the various matters of fact raised in the brief for the reason that we must find that the appeal has been taken to the wrong court. It is possible that had the appeal been taken to the court of common pleas, the various questions raised by appellant could then have been considered or, if there were defects in the record which would have been fatal to the proceeding, those defects could have been sustained in a proceeding by certiorari. In case of an appeal to the court of common pleas, where the hearing would have been de novo, we could have considered therein the merits of the case and whether or not the offense charged came within the provisions of the ordinance. However, we cannot do that here. We are of necessity forced to make the following

### Order

And now, March 7, 1955, the appeal is hereby quashed and stricken from the record, costs to be paid by appellant.